**No. 9652.**

**Orleans Appeal.**

---

**MRS. ANTOINE DEMAND, Appellant, v. YOUNG FRIENDS OF CHARITY B. M. A. ASSN.**

---

(October 20, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Associations, Par. 21.**

When plaintiff fails to show that any part of the laws of a benevolent association constitutes her a beneficiary, she cannot recover.

2. **Louisiana Digest, Associations, Par. 14, 21.**

When the law of the Association prohibits payment to a beneficiary, unless registered, a plaintiff who is not registered cannot recover.

Appeal from First City Court, Hon. Val. J. Stentz, Judge.

This is a suit for a death benefit. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Scott E. Beer, attorney for plaintiff and appellant.

Paul L. Fourchy, attorney for defendant and appellee.

CLAIBORNE, J. This is a suit for a death benefit.

The plaintiff alleged that her husband, Antoine Demand, was an active member of the defendant association; that he died leaving no mother surviving him; that she is entitled to the sum of $196.50 collected from the members as "Family Mourning".

The defense is a general denial, and the special pleas: 1st, that plaintiff was not registered in the books of the Association as required by Section 4 of Article 29 of the By-Laws; and 2nd, that Antoine Demand has designated as his beneficiaries Ella and Norman Lasch, his grandchildren, who alone are entitled to the benefit claimed.

There was judgment for defendant and plaintiff has appealed.

The case turns upon the interpretation of Sections 4 and 5 of Article XXIX of the By-laws. They read as follows:

"Sec. 4. At the death of a brother, each member shall be taxed 50 cents for family mourning. After having made all necessary arrangements for the funeral, the Association shall give a part of the amount which is to be collected, to the family, if it is so requested; and the balance immediately after it has been collected, according to the number of members in the Association. In no case shall the Association remit said amount to the wife, mother, nor to any other person if said person was not previously registered in the books of the Association."

"Sec. 5. A member wishing to change his registration of passive members or to will to any one the amount which is to be paid as 'family mourning', he must make the fact known to the Association in writing and action will be taken thereon. In cases where there is no widow or mother the active member must specify to the Association the name of the beneficiary."

We have not been informed as to any clause of the Charter, Constitution, or By-laws which makes the wife the beneficiary of the fund called the "family mourning", nor has our industry assisted us in the matter.

But if it is assumed that the wife is, or ought to be, the beneficiary in the natural order of things, the Section 4 above quoted provides that "in no case shall the Association remit said amount to the wife, mother, nor to any other person, if said person was not previously registered in the books of the Association".

It is not contended, nor does it appear, that the wife was registered. On the contrary, the testimony shows that the grandchildren of the deceased, Antoine Demand, were registered as his beneficiaries.

But it is contended that the registration of a beneficiary is necessary only, in the language of Section 5, "in cases where there is no widow or mother". This interpretation would be in conflict with Section 4 above quoted. Admitting, however, that it is correct, it still remains that there is no clause anywhere making the wife beneficiary of that fund. With that view of the case, plaintiff has no cause of action, and the judgment appealed from is correct and it is therefore, affirmed.